Pro Hac Vice/Lead Counsel:
Andrew L. Spence (AS-7819)
alsnyls97@yahoo.com
P. O. Box 91, 16 Chestnut Street
Suffern, NY  10901    (914) 261-5254
Attorney for Plaintiff

Local Counsel for Plaintiff:
Nathan J. Wagner, Esq.
California Bar # 257455
nathan@nwagnerlaw.com
1338 Center Court Drive, Suite 101
Covina, CA 91724    (626) 967-2484

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

-------------------------------------------------------X

RICHTONE DESIGN GROUP L.L.C., and  :
SEAN P. GALLAGHER
                Plaintiff,   :     Docket Number:

    Against

LIVE ART, Inc., d/b/a LIVE ART STUDIO,   :
d/b/a, LIVE ART PILATES, d/b/a BIG BEAR
PILATES, SIRI GALLIANO, JANE DOES 1-
10; JOHN DOES 1-10 and XYZ   :
COMPANIES 1-10 Jointly and Severally,

              Defendants.  :
-------------------------------------------------------X

**COMPLAINT**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT PURSUANT TO**

**FRCP RULE 15**

Plaintiff, complaining of defendants, by its attorneys Nathan J. Wagner and Andrew L. Spence, Esq., respectfully allege as follows:

1

## JURISDICTION AND PARTIES

1. This is an action for infringement under the Copyright Act of 1976, Title 17, U.S.C. §§101 et seq., and for related supplemental claims as hereinafter more fully appears.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and venue is proper under 28 U.S.C. § 1400(a). A substantial number of the claims asserted herein arose in this judicial district, and the defendants do business and can be found in this judicial district.

3. The Plaintiff, Richtone Design Group L.L.C., (Hereinafter RDG or plaintiff), is a New York Limited Liability Company whose principal place of business is in New York, New York.

4. The Plaintiff Sean P. Gallagher is the owner of RDG and also resides in New York state and works primarily in New York City.

5. Defendant Live Art is a California Corporation, d/b/a Live Art Studio or Live Art Pilates, or Big Bear Pilates whose principal place of business is located in Big Bear Lake, California.

6. Defendant Siri Galliano, who is a California resident operating a business out of Big Bear Lake, California, is the Principal Owner and Officer of Defendant Live Art and its d/b/a businesses.

7. Both Defendants are in the business of conducting Pilates instruction and upon information and belief their current address is Live Art Inc, P.O. Box 1749, Big Bear Lake, CA 92315. (Hereinafter collectively referred to as the "Named Defendants" or "Live Art")

8. Defendant Live Art is a California Corporation, d/b/a Live Art Studio or Live Art Pilates, or Big Bear Pilates whose principal place of business is located in Big Bear Lake, California, and their Principal Owner and Officer is Defendant Siri Galliano, who is a California resident operating a business out of Big Bear Lake, California. Both Defendants are in the business of conducting Pilates instruction and upon information and belief their current address is Live Art Inc, P.O. Box

1749, Big Bear Lake, CA 92315. (Hereinafter collectively referred to as the "Named Defendants" or "Live Art")

9. The Defendants XYZ Companies and John Does 1-10 and Jane Does 1-10 are unknown persons and entities engaged in assisting Defendants Live Art, Inc., d/b/a Live Art Studio or Live Art Pilates,  d/b/a Big Bear Pilates , and their Principal Owner and Officer Siri Galliano in their actions and businesses, including those acts set forth in this Complaint. (Hereinafter collectively referred to as "Unknown Defendants" and in combination with "Live Art," collectively referred to as the "Defendants." )

## BACKGROUND

10. Plaintiff is in the business *(inter alia)* of licensing the  training of Pilates instructors through a certification  training  programs("Programs" or "Program").

11. Plaintiff purchased the Programs from Pilates, Inc., ("PI"), a Montana Corporation with its prime location of business in New York, New York, in May 2005.

12. Sean Gallagher owns or owned both the Plaintiff, Richtone Design Group, L.L.C., and PI.

13. Since 1993 The Plaintiff or PI have continuously run or licensed the Programs.

14. In or about December 1992, PI registered the copyrights of  photographs of individuals performing Pilates exercises.

15. The deposit, application and fee required for registration of copyright in the these photographs has been delivered to the Copyright Office in proper form and it has been registered, registration number VAu000242067(Hereinafter referred to as "The VAu Photographs" .)

16. Some of the VAu Photographs PI produced themselves for use in an instruction manual and others were unpublished photographs produced by Joseph Pilates, which were

1 acquired by PI when it purchased the property of Joseph Pilates Studio business from its then most current owner Wee Tai Hom.

17. In or about 1993, PI developed the first and only Pilates Teacher Training Manual (Hereinafter the "1993 Manual") utilizing the services of Romana Kryzanowska and access to one of the world's largest collections of photographs and films of Joseph Pilates performing his exercises himself or instructing others on how to perform the exercises.

18. The 1993 Manual was compiled and distributed by PI for use in PI's Program.

19. The 1993 Pilates Instructor Manual, utilized information obtained from the photographs produced by Joseph Pilates, but contains none of his photographs.

20. From about 1993 to 1997, PI published and distributed The 1993 Manual to individuals to be trained in PI's Program.

21. Siri Galliano was one such individual to whom The 1993 Manual was distributed as part of her training.

22. In or about 1997, Pilates, Inc., ("PI") revised, with the assistance of Romana Kryzanowska and referring to Joseph Pilates photographs, the 1993 Manual, producing the 1997 version of the Pilates Teacher Training Manual (Hereinafter referred to as "The Manual")

23. The Manual was first compiled and distributed by PI for use in PI's Program, in 1997.

24. Both The 1993 Manual and The Manual contain VAu Photographs and The Manual also contains a section of photographs with Joseph Pilates performing mat exercises as well as new photographs produced by PI that are not part of the VAu copyright.

25. The rest of The Manual and all of the 1993 Manual contain VAu photographs produced by PI depicting exercises performed primarily upon Pilates equipment.

26. The VAu Photographs also incorporate photographs of Joseph Pilates, that were not used in either manual.

27. Since about 1997, PI, and since 2005, the Plaintiff, published and distributed, The Manual to individuals to be trained in PI's Program, formerly known as the Pilates Studio Teacher Training Program, and now known as The New York Pilates Studio® Teacher Training Program(Hereinafter the "NYPSTT Program"), owned by The Plaintiff since 2005.

28. Such individuals trained in PI's and trained in the Plaintiff's Program, currently operated under license through the United States Pilates Association continue to receive The Manual as part of the NYPSTT Program.

29. On or about December 9th, 2004, the deposit, application and fee required for registration of copyright in The Manual was been delivered to the Copyright Office in proper form and it has been registered, under registration number TX-6-088-459.(Hereinafter referred to as the "TX Copyright")

30. By a written instrument dated May 9th, 2005, PI assigned to the Plaintiff its entire right, interest and title in the copyright and all drafts, versions and adaptations thereof, of the following. The Manual; the 1993 Manual; and the VAu Photographs.

31. This transfer is memorialized at the United States Copyright Office under registration number V3525D979.

32. The Plaintiff obtained copies of the 1993 Manual and the Manual that Live Art and Siri Galliano sold to third parties, without PI's or Plaintiffs permission.

33. On or about October 2012, The Plaintiff filed a lawsuit against Live Art and Siri Galliano in the United States District Court for the Southern District of New York, under Docket number 12-Civ 07652 before the Honorable John F. Keenan.

34. Live Art and Ms. Galliano have admitted to selling the Manual for their own benefit and that Ms. Galliano obtained the Manual from some unidentified woman in Florida in a letter and other papers directed to the United States District Court for the Southern District of New York.

35. In January 2013 Plaintiff learned that Live Art and Siri Galliano were selling a series of VAu Photographs of Joseph Pilates performing exercises on a piece of Pilates equipment known as The Reformer, without PI's or the Plaintiffs' permission.

36. In or about March 2013 Plaintiff filed an amended complaint before the Southern District of New York incorporating the new infringement issues involving the VAu Photographs of Joseph Pilates.

37. In April 2013, Ms. Galliano stated that she was selling the VAu Photographs of Joseph Pilates to help pay for her defense of the lawsuit in New York City. (Ms. Galliano and Live Art were receiving pro bono representation at the time.)

38. In July 2013, she still provided readers of her Pilates Post with a Paypal option to purchase the VAu Photographs of Joseph Pilates.

39. On August 28th, 2013 Siri Galliano said the following in a Facebook Pilates forum. "It would have been nice to visit Joe Pilates house he built in Jacob's Pillow but when I visited there the curator told me Sean Gallagher had bought the house and tore it down so he could put up his own house....sort of symbolic. I just applied to teach at IDEA and my certification from Gallagher's Pilates Guild is not recognized, and I can't legally say I was certified by Romana's Pilates so the thousands of teachers who went through his program are rather screwed now."

40. The statement regarding the IDEA is untrue and designed to damage Richtone's and Mr. Gallagher's reputation in the Pilates community.

41. The IDEA recognizes both The Pilates Studio Teacher Certification Program(formerly trademarked) which is the "Pilates Guild®" Program that Ms. Galliano completed and the USPA Program, The New York Pilates Studio® Program, the current Pilates Guild® Program.

42. The IDEA only requires that a person obtain approval from the certifying organization to hold themselves out to provide such services before doing so before the IDEA.

43. The statement regarding the Joseph Pilates old property in Massachusetts is also untrue and designed to damage Mr. Gallagher's, and indirectly, RDG's, reputation in the Pilates community.

44. Mr. Gallagher purchased the old Pilates property in Massachusetts in or around 1992, that had been purchased by interim owners after Joseph Pilates death.

45. The property had four structures on it, when Mr. Gallagher purchased it, a house, a detached garage, both were built by the owners who purchased the property from Clara Pilates, the Pilates old bungalow, and Pilates studio.

46. When Mr. Gallagher obtained the property the old Pilates buildings had been left to the elements and due to water damage and rotting the roof caved in on the house making it unsalvageable;

47. Mr. Gallagher never tore down that structure;

48. Mr. Gallagher has been slowly rebuilding the studio as it was salvageable;

49. Mr. Gallagher has not built any new structures on the property since purchasing it.

50. On November 4th, 2013 the case before the United States District Court for the Southern District of New York was dismissed lack of jurisdiction based upon the venue thus prompting the filing of this action.

**Count I**

**INFRINGEMENT OF COPYRIGHT**

**(Unauthorized Copying) (The 1993 Manual, The VAu Photographs)**

51. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "50" as if fully set forth at length herein.

52. The Defendant Siri Galliano received somewhere around 1993, the 1993 Manual, containing VAu Photographs, as part of her training to become a Pilates instructor in PI's. Plaintiff RDG's predecessor in interest's, Program.

53. The Defendants have copied and made derivative works of the 1993 Manual, containing VAu Photographs and sold it without permission of PI or the Plaintiff.

54. Defendants have copied and made such derivative works of the 1993 Manual, containing VAu Photographs, for their own profit and advantage without Plaintiffs' permission, in violation of Plaintiffs' copyright.

55. Such acts were willful copyright infringement or taken in such gross disregard to the facts as to constitute willful copyright infringement for the following reasons:

    A: The 1993 Manual's are clearly marked with copyright notices

    B. Ms. Galliano obtained the 1993 Manual as a part of her training in PI's Program.

    C. Ms. Galliano regularly holds herself out as having been trained in PI's program.

    D. Ms. Galliano regularly held herself out as having a strong and positive relationship with Romana Kryzanowska, the head trainer of PI's Program for over 10 years .

    E. Ms. Galliano maintains business ties to the Teaching Director of the Plaintiff's licensee, The United States Pilates Association's Brett Howard, also a graduate of PI's Program, when Ms. Krzanowska was the lead instructor.

56. By reason of the above acts, Defendants have willfully infringed Plaintiffs' copyright in the 1993 Manual.

## Count II
## INFRINGEMENT OF COPYRIGHT
### (Unauthorized Copying) (The Manual, The VAu Photographs)

57. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "56" as if fully set forth at length herein.

58. The Defendant Siri Galliano received The Manual, containing VAu Photographs from some unidentified woman in Florida.

59. The Defendants have copied and made derivative works of The Manual, containing VAu Photographs and sold it without permission of PI or the Plaintiff.

60. The Defendants have copied and made such derivative works of The Manual, containing VAu Photographs, for their own profit and advantage without Plaintiffs' permission, in violation of Plaintiffs' copyright.

61. Such acts were willful copyright infringement or taken in such gross disregard to the facts as to constitute willful copyright infringement for the following reasons:

    A. The Manual clearly contains copyright notices.

    B. Some of the copyright notices in The Manual sold by Named Defendants, were hidden by white out.

62. By reason of the above acts, Defendants have willfully infringed Plaintiffs' copyright in The Manual, containing VAu Photographs.

## Count III

## INFRINGEMENT OF COPYRIGHT

### (Unauthorized Copying) (The Manual, The TX Copyright)

63. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "62" as if fully set forth at length herein.

64. The Defendant Siri Galliano received the Manual, the copyright of which is registered under registration number TX-6-088-459, from some unidentified woman in Florida.

65. The named Defendants have copied and made derivative works of The Manual, under the TX copyright and sold it without permission of PI or the Plaintiff.

66. The Defendants have copied and made such derivative works of The Manual, under the TX copyright, for their own profit and advantage without Plaintiffs' permission, in violation of Plaintiffs' copyright.

67. Such acts were willful copyright infringement or taken in such gross disregard to the facts as to constitute willful copyright infringement for the following reasons:

    A. The Manual clearly contains copyright notices.

    B. Some of the copyright notices in The Manual sold by Ms. Galliano, were hidden by white out.

68. By reason of the above acts, Defendants have willfully infringed Plaintiffs' copyright in The Manual, under the TX copyright.

## Count IV

## INFRINGEMENT OF COPYRIGHT

### (Unauthorized Copying) (A series of VAu Photographs of Joseph Pilates)

69. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "68" as if fully set forth at length herein.

70. The Defendant Siri Galliano purchased or was gifted, by some third party, at a time unknown, a series of VAu Photographs of Joseph Pilates.

71. The Defendants have copied and made derivative works of a series of VAu Photographs of Joseph Pilates sold it without permission of PI or the Plaintiff.

72. Defendants have copied and made such derivative works of a series of VAu Photographs of Joseph Pilates for their own profit and advantage without Plaintiffs' permission, in violation of Plaintiffs' copyright.

73. Such acts were willful copyright infringement or taken in such gross disregard to the facts as to constitute willful copyright infringement for the following reasons:

    A. In March 2013 the Plaintiff amended its complaint to include the series of VAu Photographs of Joseph Pilates.

    B. Ms. Galliano continued to advertise the sale of the series of VAu Photographs of Joseph Pilates in April 2013 and July 2013.

74. By reason of the above acts, Defendants have willfully infringed Plaintiffs' copyright in a series of VAu Photographs of Joseph Pilates.

## Count V
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
**(Liability of Officers and Employees)**

75. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "74" as if more fully set forth at length herein.

76. Upon information and belief, beginning at a date uncertain and through

July 2013, Defendant Galliano and Unknown Defendants, without PI's or Plaintiffs' permission or knowledge, authorized and assisted in copying of The 1993 Manual, The Manual, and a series of VAu Photographs of Joseph Pilates and in the making of derivative works based upon the The 1993 Manual, The Manual, and a series of VAu Photographs of Joseph Pilates for their own profit and advantage.

77. By reason of the foregoing, Defendant Galliano and Unknown Defendants induced, participated, and aided and abetted in, and profited from, this copying of and the making of derivative works of the The 1993 Manual, The Manual, and a series of VAu Photographs of Joseph Pilates .

78. By reason of the foregoing copying, Defendants Galliano and Unknown Defendants copied or aided and assisted and participated in the copying and the making of derivative works from the The 1993 Manual, The Manual, and a series of VAu Photographs of Joseph Pilates , without permission of Plaintiffs, which is an infringement of Plaintiffs' copyrights.

## Count VI
## DEFAMATION
### (Richtone or RDG)

79. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "78" as if more fully set forth at length herein.

80. Defendant Galliano published negative statements regarding Plaintiff RDG's predecessor in interest, PI's Program.

81. Defendant Galliano's negative statements were false.

82. Defendant Galliano's negative statements were published on a Facebook forum, so they are not privileged.

83. Defendant Galliano holds herself out as an advisor/expert regarding the Pilates industry.

84. Defendant Galliano's negative statements were published on a Facebook forum, for people interested in the Pilates industry, so they would have a natural tendency to injure RDG's reputation by its natural association with PI as its successor in interest.

## Count VI
## DEFAMATION
## (Gallagher)

85.  Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "84" as if more fully set forth at length herein.

86. Defendant Galliano published negative statements regarding Plaintiff Gallagher and his handling of his Pilates business and property.

87. Defendant Galliano's negative statements were false.

88. Defendant Galliano's negative statements were published on a Facebook forum, so they are not privileged.

89. Defendant Galliano holds herself out as an advisor/expert regarding the Pilates industry.

90. Defendant Galliano's negative statements were published on a Facebook forum, for people interested in the Pilates industry, so they would have a natural tendency to injure Plaintiff Gallagher's reputation since he engages in the Pilates business.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

I. For a preliminary and permanent injunction enjoining Defendants and all

persons acting in concert with it from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are the copyrighted work or substantially similar to the copyrighted work, and to deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendant's possession or control.

II. For a recall of all copies of The Manual, the 1993 Manual, and the series of VAu Photographs sold by Defendants to be paid for by the Defendants.

III. For Defendants to provide the source from whom or which they obtained a copy of The Manual.

IV. That with respect to Claims I through V, the Defendants be required to account for all gains, profits and advantages derived from each of their infringements of the copyright of Plaintiffs; and to pay to Plaintiffs such damages as it has sustained in consequence of each of the defendants' infringements of the copyright, or such damages as to this Court shall appear proper within the provisions of the Copyright Law.

V. That Defendants be required to pay Plaintiffs' actual damages and any additional profits of the Defendants, or statutory damages in the amount of $150,000 for each willful infringement, as provided in 17 U.S.C. §504(a).

VI. That Defendants be required to deliver up on oath to be impounded during the pendency of this action, and for destruction, all copies of the Plaintiff's copyrighted materials used to perpetrate the infringing acts.

VII. That Defendants be required to pay Plaintiffs' costs, expenses and reasonable attorney fees in connection with this action as provided in 17 U.S.C. §505.

VIII. For a preliminary and permanent injunction enjoining Defendant

1 | Galliano and all persons acting in concert with her from making any false and
2 | defamatory statements regarding the Plainitiffs.
3 |     IX. That Defendant Galliano be required to pay damages to the Plaintiffs for
4 | injury caused by her false and defamatory statements pursuant to California Civil
5 | Code §48a.
6 |     X. That Plaintiffs be awarded interest, including pre-judgment interest, on the
7 | foregoing sums; and
8 |     XI. That Plaintiffs have such other and further relief as the Court may deem
9 | just and proper.

Dated: Covina, California
January 20, 2014

_/s/ Nathan Wagner_
Nathan J. Wagner, Esq.
California Bar # 257455
1338 Center Court Drive, Suite 101
Covina, CA 91724   (626) 967-2484

Dated: Suffern, New York
January 16th, 2014

s/Andrew L. Spence/s

Andrew L. Spence (AS-7819)
Pro Hac Vice
P. O. Box 91, 16 Chestnut Street
Suffern, NY   10901
(914) 261-5254
Attorney for Plaintiff

Siri Galliano
Live Art, Inc.
P.O. Box 1749,
Big Bear Lake, CA 92315.

15

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 38-1, Plaintiffs Richtone Design Group, L.L.C. and Sean P. Gallagher hereby demand a jury trial on all issues so triable

Dated: Covina, California
January 20, 2014

*Nathan Wagner* (signature)

Nathan J. Wagner, Esq.
California Bar # 257455
1338 Center Court Drive, Suite 101
Covina, CA 91724   (626) 967-2484


Dated: Suffern, New York
January 11th, 2014


s/Andrew L. Spence/s

Andrew L. Spence (AS-7819)
P. O. Box 91, 16 Chestnut Street
 Suffern, NY  10901
(914) 261-5254
Attorney for Plaintiff




Siri Galliano
Live Art, Inc.
P.O. Box 1749,
Big Bear Lake, CA 92315

16