**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland (SBN 187314)
kristin.holland@kattenlaw.com
Meegan Maczek (SBN 260609)
meegan.maczek@kattenlaw.com
Rebecca F. Ganz (SBN 265199)
rebecca.ganz@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendants
LIVE ART, INC.; and SIRI GALLIANO

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| RICHTONE DESIGN GROUP L.L.C., and SEAN P. GALLAGHER, <br><br> Plaintiffs, <br><br> vs. <br><br> LIVE ART, INC., d/b/a/ LIVE ART STUDIO d/b/a, LIVE ART PILATES, d/b/a BIG BEAR PILATES, SIRI GALLIANO, JANE DOES 1-10; JOHN DOES 1-10; and XYZ COMPANIES 1-10 jointly and severally, <br><br> Defendants. | Case No. EDCV14-122 FMO (DTBx) <br><br> **DEFENDANT SIRI GALLIANO'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Hon. Fernando M. Olguin |

1    Defendant Siri Galliano ("Defendant" or "Ms. Galliano"), through counsel,
2    answers the First Amended Complaint of plaintiffs Richtone Design Group L.L.C.
3    ("Richtone") and Sean P. Gallagher ("Gallagher," collectively, "Plaintiffs") as
4    follows:

5                          **JURISDICTION AND PARTIES**

6         1.    In answering paragraph 1 of the First Amended Complaint, Defendant
7    admits that this purports to be an action for infringement under the Copyright Act of
8    1976, 17 U.S.C. § 101, *et seq.*  Defendant denies each and every other allegation.

9         2.    In answering paragraph 2 of the First Amended Complaint, Defendant
10   admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
11   1338(a), that venue is proper pursuant to 28 U.S.C. § 1400(a), and that Defendant
12   does business and can be found in this judicial district.  Defendant lacks sufficient
13   information to admit or deny the other allegations and, on that basis, denies.

14        3.    In answering paragraph 3 of the First Amended Complaint, Defendant
15   lacks sufficient information to admit or deny the allegations in this paragraph and, on
16   that basis, denies.

17        4.    In answering paragraph 4 of the First Amended Complaint, Defendant
18   lacks sufficient information to admit or deny the allegations in this paragraph and, on
19   that basis, denies.

20        5.    In answering paragraph 5 of the First Amended Complaint, Defendant
21   admits that Live Art, Inc. is a California corporation with its principal place of
22   business in Big Bear Lake, California and that it used to do business as Live Art
23   Pilates.  Defendant denies each and every other allegation.

24        6.    In answering paragraph 6 of the First Amended Complaint, Defendant
25   admits that Ms. Galliano is a California resident, that Ms. Galliano operates a business
26   out of Big Bear Lake, California, that Ms. Galliano is the principal owner and officer
27   of defendant Live Art, Inc., and that Live Art, Inc. used to do business as Live Art
28   Pilates.  Defendant denies each and every other allegation.

*DEFENDANT'S SIRI GALLIANO ANSWER TO FIRST AMENDED COMPLAINT*

7.     In answering paragraph 7 of the First Amended Complaint, Defendant admits the allegations.

8.     In answering paragraph 8 of the First Amended Complaint, Defendant admits that Live, Art, Inc. is a California corporation with its principal place of business in Big Bear Lake, California and does business as Big Bear Pilates. Defendant admits that Siri Galliano is a California resident, operates a business out of Big Bear Lake, California, and is the principal owner and officer of Live Art, Inc. Defendant admits that Ms. Galliano and Live Arts, Inc. are in the business of conducting Pilates instruction and that their current address is P.O. Box 1749, Big Bear Lake, California 92315.  Defendant denies each and every other allegation.

9.     In answering paragraph 9 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

## BACKGROUND

10.     In answering paragraph 10 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

11.     In answering paragraph 11 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

12.     In answering paragraph 12 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

13.     In answering paragraph 13 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

1
2
3

14.     In answering paragraph 14 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

4
5
6

15.     In answering paragraph 15 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

7
8
9

16.     In answering paragraph 16 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

10
11
12

17.     In answering paragraph 17 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

13
14
15

18.     In answering paragraph 18 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

16
17
18

19.     In answering paragraph 19 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

19
20
21

20.     In answering paragraph 20 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

22
23
24

21.     In answering paragraph 21 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

25
26
27

22.     In answering paragraph 22 of the First Amended Complaint, Defendant lack sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

28

23.     In answering paragraph 23 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

24.     In answering paragraph 24 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

25.     In answering paragraph 25 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

26.     In answering paragraph 26 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

27.     In answering paragraph 27 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

28.     In answering paragraph 28 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

29.     In answering paragraph 29 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

30.     In answering paragraph 30 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

31.     In answering paragraph 31 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

32.    In answering paragraph 32 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

33.    In answering paragraph 33 of the First Amended Complaint, Defendant admits the allegations with the qualification that Richtone filed the lawsuit.

34.    In answering paragraph 34 of the First Amended Complaint, Defendant admits that Siri Galliano submitted a declaration in *Richtone Design Group L.L.C. v. Live Art, Inc., et al.*, United States District Court, Southern District of New York, Case No. 12 Civ. 7652 (JFK), in which she stated that Live Art, Inc. made copies of instructions given to her by a Pilates instructor in Florida.  Defendant lacks sufficient information to admit or deny the other allegations in this paragraph and, on that basis, denies.

35.    In answering paragraph 35 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

36.    In answering paragraph 36 of the First Amended Complaint, Defendant admits that, in March 2010, Richtone filed an amended complaint in *Richtone Design Group L.L.C. v. Live Art, Inc., et al.*, United States District Court, Southern District of New York, Case No. 12 Civ. 7652 (JFK), in which it added an allegation that Live Art was selling pictures it referred to as the "VAu Pictures."  Defendant lacks sufficient information to admit or deny the other allegations in this paragraph and, on that basis, denies.

37.    In answering paragraph 37 of the First Amended Complaint, Defendant admits that Ms. Galliano stated in the Pilates Post, dated April 4, 2013, that she was "selling off some Archival items for legal funds" and referred to Sean Gallagher as the "Pilates Predator."  Defendant admits that she had pro bono representation at the time. Defendant lacks sufficient information to admit or deny the other allegations in this paragraph and, on that basis, denies.

38.   In answering paragraph 38 of the First Amended Complaint, Defendant admits that the Pilates Post had an option to purchase photographs of Joseph Pilates in July 2013 through Paypal.  Defendant lacks sufficient information to admit or deny the other allegations in this paragraph and, on that basis, denies.

39.   In answering paragraph 39 of the First Amended Complaint, Defendant admits that the court dismissed *Richtone Design Group L.L.C. v. Live Art, Inc., et al.*, United States District Court, Southern District of New York, Case No. 12 Civ. 7652 (JFK) for lack of personal jurisdiction.  Defendant denies each and every other allegation.

**Count I**

**INFRINGEMENT OF COPYRIGHT**

**(Unauthorized Copying) (The 1993 Manual, The VAu Photographs)**

40.   In answering paragraph 40 of the First Amended Complaint, Defendant realleges and incorporates paragraphs 1 through 39 above as if fully set forth herein.

41.   In answering paragraph 41 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

42.   In answering paragraph 42 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

43.   In answering paragraph 43 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, on that basis, denies.

44.   In answering paragraph 44 of the First Amended Complaint, Defendant denies that such acts were or constitute willful copyright infringement, that she regularly holds herself out as having been trained in Pilates, Inc.'s program, and that she maintains business ties with Brett Howard.  Defendant admits that she has represented that she had a good relationship with Romana Kryzanowska.  Defendant

1  lacks sufficient information to admit or deny the remaining allegations and, on that
2  basis, denies.

3      45.    In answering paragraph 45 of the First Amended Complaint, Defendant
4  denies each and every allegation.

5  **Count II**

6  **INFRINGEMENT OF COPYRIGHT**

7  **(Unauthorized Copying) (The Manual, The VAu Photographs)**

8      46.    In answering paragraph 46 of the First Amended Complaint, Defendant
9  realleges and incorporates paragraphs 1 through 45 above as if fully set forth herein.

10      47.    In answering paragraph 47 of the First Amended Complaint, Defendant
11  lacks sufficient information to admit or deny the allegations and, on that basis, denies.

12      48.    In answering paragraph 48 of the First Amended Complaint, Defendant
13  lacks sufficient information to admit or deny the allegations and, on that basis, denies.

14      49.    In answering paragraph 49 of the First Amended Complaint, Defendant
15  lacks sufficient information to admit or deny the allegations and, on that basis, denies.

16      50.    In answering paragraph 50 of the First Amended Complaint, Defendant
17  denies that such acts were or constitute willful copyright infringement.  Defendant
18  lacks sufficient information to admit or deny the remaining allegations and, on that
19  basis, denies.

20      51.    In answering paragraph 51 of the First Amended Complaint, Defendant
21  denies each and every allegation.

22  **Count III**

23  **INFRINGEMENT OF COPYRIGHT**

24  **(Unauthorized Copying) (The Manual, The TX Copyright)**

25      52.    In answering paragraph 52 of the First Amended Complaint, Defendant
26  realleges and incorporates paragraphs 1 through 51 above as if fully set forth herein.

27      53.    In answering paragraph 53 of the First Amended Complaint, Defendant
28  lacks sufficient information to admit or deny the allegations and, on that basis, denies.

54.     In answering paragraph 54 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and, on that basis, denies.

55.     In answering paragraph 55 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and, on that basis, denies.

56.     In answering paragraph 56 of the First Amended Complaint, Defendant denies that such acts were or constitute willful copyright infringement.  Defendant lacks sufficient information to admit or deny the remaining allegations and, on that basis, denies.

57.     In answering paragraph 57 of the First Amended Complaint, Defendant denies each and every allegation.

**Count IV**

**INFRINGEMENT OF COPYRIGHT**

**(Unauthorized Copying) (A series of VAu Photographs of Joseph Pilates)**

58.     In answering paragraph 58 of the First Amended Complaint, Defendant realleges and incorporates paragraphs 1 through 57 above as if fully set forth herein.

59.     In answering paragraph 59 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and, on that basis, denies.

60.     In answering paragraph 60 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and, on that basis, denies.

61.     In answering paragraph 61 of the First Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations and, on that basis, denies.

62.     In answering paragraph 62 of the First Amended Complaint, Defendant denies that such acts were or constitute willful copyright infringement.  Defendant admits that, in March 2010, Richtone filed an amended complaint in *Richtone Design Group L.L.C. v. Live Art, Inc., et al.*, United States District Court, Southern District of New York, Case No. 12 Civ. 7652 (JFK), in which it added an allegation that Live Art was selling pictures it referred to as the "VAu Pictures."  Defendant lacks sufficient

1   information to admit or deny the remaining allegations in this paragraph and, on that
2   basis, denies.

3        63.    In answering paragraph 63 of the First Amended Complaint, Defendant
4   denies each and every allegation.

5                                    **Count V**

6          **CONTRIBUTORY COPYRIGHT INFRINGEMENT**

7               **(Liability of Officers and Employees)**

8        64.    In answering paragraph 64 of the First Amended Complaint, Defendant
9   realleges and incorporates paragraphs 1 through 63 above as if fully set forth herein.

10       65.    In answering paragraph 65 of the First Amended Complaint, Defendant
11  lacks sufficient information to admit or deny the allegations and, on that basis, denies.

12       66.    In answering paragraph 66 of the First Amended Complaint, Defendant
13  lacks sufficient information to admit or deny the allegations and, on that basis, denies.

14       67.    In answering paragraph 67 of the First Amended Complaint, Defendant
15  lacks sufficient information to admit or deny the allegations and, on that basis, denies.

16                         **<u>AFFIRMATIVE DEFENSES</u>**

17                         **First Affirmative Defense**

18                         **(Failure to State a Claim)**

19       1.     As a first and separate affirmative defense, Defendant alleges that the
20  First Amended Complaint fails to state facts sufficient to constitute a cause of action
21  against her.

22                         **Second Affirmative Defense**

23                              **(Standing)**

24       2.     As a second and separate affirmative defense, Defendant alleges that
25  Plaintiffs' claims are barred to the extent that one or both of them lack standing.

26  //
27  //
28  //

1

**Third Affirmative Defense**

2

**(Waiver)**

3      3.      As a third and separate affirmative defense, Defendant alleges that

4   Plaintiffs, by reason of their own conduct and actions, have waived any rights they

5   may have against Defendant.

6

**Fourth Affirmative Defense**

7

**(Estoppel)**

8      4.      As a fourth and separate affirmative defense, Defendant alleges that

9   Plaintiffs' recovery is limited or barred by the doctrine of estoppel.

10

**Fifth Affirmative Defense**

11

**(Laches)**

12      5.      As a fifth and separate affirmative defense, Defendant alleges that

13   Plaintiffs, by their own actions or inactions upon which Defendant reasonably relied

14   to her detriment, are barred by the doctrine of laches from asserting any claims they

15   may have had.

16

**Sixth Affirmative Defense**

17

**(Statute of Limitations/Repose)**

18      6.      As a sixth and separate affirmative defense, Defendant alleges that

19   Plaintiffs' purported claims for relief against Defendant are barred by the applicable

20   statutes of limitation or repose, including, but not limited to, 17 U.S.C. section 507.

21

**Seventh Affirmative Defense**

22

**(Acts or Omissions of Others)**

23      7.      As a seventh and separate affirmative defense, Defendant alleges that

24   Plaintiffs' claims are barred, in whole or in part, due to the acts or omissions of

25   persons other than Defendant over which Defendant has no control.

26   //

27   //

28   //

-10-

**DEFENDANT SIRI GALLIANO'S ANSWER TO FIRST AMENDED COMPLAINT**

**Eighth Affirmative Defense**

**(Consent and/or Permission)**

8.    As an eighth and separate affirmative defense, Defendant alleges that Plaintiffs have expressly and/or impliedly consented to the alleged conduct complained of in the First Amended Complaint.

**Ninth Affirmative Defense**

**(Ratification)**

9.    As a ninth and separate affirmative defense, Defendant alleges that Plaintiffs are barred from obtaining any relief because any allegedly improper acts by Defendant were ratified by Plaintiffs.

**Tenth Affirmative Defense**

**(Unclean Hands)**

10.    As a tenth and separate affirmative defense, Defendant alleges that Plaintiffs' claim are barred, in whole or in part, by the doctrine of unclean hands.

**Eleventh Affirmative Defense**

**(Failure to Mitigate)**

11.    As an eleventh and separate affirmative defense, Defendant alleges that Plaintiffs' recovery is limited or barred due to their failure to mitigate damages, if any.

**Twelfth Affirmative Defense**

**(Offset)**

12.    As a twelfth and separate affirmative defense, Defendant alleges that she is entitled to offset Plaintiffs' damages, if any, in the amount of any recovery Plaintiffs obtain from any other source.

**Thirteenth Affirmative Defense**

**(Fair Use)**

13.    As a thirteenth and separate affirmative defense, Defendant alleges that Defendant's use, if any, of any material protected by copyright is protected by the doctrine of fair use.

1

**Fourteenth Affirmative Defense**

2

**(Public Domain)**

3

      14.    As a fourteenth and separate affirmative defense, Defendant alleges that

4

Plaintiffs are barred from obtaining any relief because the works that Plaintiffs allege

5

to own in this matter are in the public domain.

6

**Fifteenth Affirmative Defense**

7

**(No Statutory Damages)**

8

      15.    As a fifteenth and separate affirmative defense, Defendant alleges that

9

Plaintiffs are precluded from recovering statutory damages or attorney's fees for

10

copyright infringement by virtue of 17 U.S.C. § 412.

11

**Sixteenth Affirmative Defense**

12

**(First Amendment)**

13

      16.    As a sixteenth and separate affirmative defense, Defendant alleges that

14

Plaintiffs are barred from obtaining the relief they seek by the First Amendment to the

15

Constitution of the United States of America and Article I, § 2(a) of the Constitution

16

of the State of California.

17

**Seventeenth Affirmative Defense**

18

**(Good Faith)**

19

      17.    As a seventeenth and separate affirmative defense, Defendant alleges that

20

Plaintiffs are barred from obtaining the relief they seek as Defendant acted in good

21

faith and without intent to infringe.

22

**Eighteenth Affirmative Defense**

23

**(Invalid Copyright Registration)**

24

      18.    As an eighteenth and separate affirmative defense, Defendant alleges that

25

Plaintiffs are barred from obtaining the relief they seek as a result of Plaintiffs'

26

misstatements and omissions, if any, in any copyright registrations, assignments

27

and/or notices that they submitted for the material at issue.

28

//

1

**Nineteenth Affirmative Defense**

2

**(Non-Protectibility)**

3        19.    As a nineteenth and separate affirmative defense, Defendant alleges that

4    if any material, concepts, or ideas in Plaintiffs' works were in any manner copied by

5    Defendant, Plaintiffs are precluded from obtaining any relief therefore because such

6    material, concepts, and/or ideas do not constitute material protected by the laws of the

7    United States or the State of California.

8

**Twentieth Affirmative Defense**

9

**(Lack of Originality or Novelty)**

10      20.    As a twentieth and separate affirmative defense, Defendant alleges that

11    Plaintiffs are barred from obtaining the relief they seek because none of the material,

12    concepts, and ideas in Plaintiffs' works that were allegedly copied by Defendant are

13    original, novel, or of any value.

14

**Twenty-First Affirmative Defense**

15

**(Copyright Misuse)**

16      21.    As a twenty-first and separate affirmative defense, Defendant alleges that

17    Plaintiffs' claims related to their purported copyrights are barred, in whole or in part,

18    by the doctrine of copyright misuse, insofar as Plaintiffs unlawfully have used their

19    purported copyrights as part of an attempt to enforce their rights beyond those granted

20    by the United States Copyright Act.

21

**Twenty-Second Affirmative Defense**

22

**(Fraud on the Copyright Office)**

23      22.    As a twenty-second and separate affirmative defense, Defendant alleges

24    that Plaintiffs' claims are barred, in whole or in part, by their fraud on the United

25    States Copyright Office.

26    //

27    //

28    //

### Twenty-Third Affirmative Defense

### (License)

23.    As a twenty-third and separate affirmative defense, Defendant alleges that the use of the purported copyrighted works was permitted by an express or implied license or agreement.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves the right to amend this Answer and/or allege additional affirmative defenses and additional facts supporting her defenses after conducting further discovery, investigation, research, and analysis.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for relief as follows:

1.    That Plaintiffs take nothing by way of the Complaint;

2.    That judgment be entered in favor of Defendant;

3.    That Defendant be awarded her costs of suit incurred herein and any attorneys' fees permitted by statute, including the Copyright Act; and

4.    Any other relief the Court deems appropriate.

Respectfully submitted,

Dated:  May 5, 2014                    KATTEN MUCHIN ROSENMAN LLP
                                       Kristin L. Holland
                                       Meegan Maczek
                                       Rebecca F. Ganz


                                       By:    /s Meegan Maczek
                                          Meegan Maczek
                                       Attorneys for Defendants
                                       LIVE ART, INC.; and SIRI GALLIANO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Defendant Siri Galliano respectfully demands a trial by jury on any and all causes of action, claims for relief, and issues that are so triable.

Respectfully submitted,

Dated:  May 5, 2014              KATTEN MUCHIN ROSENMAN LLP
                                 Kristin L. Holland
                                 Meegan Maczek
                                 Rebecca F. Ganz

                                 By:   /s Meegan Maczek
                                       Meegan Maczek
                                 Attorneys for Defendants
                                 LIVE ART, INC.; and SIRI GALLIANO

-15-